UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

IVAN GAUD RAMIREZ,

Plaintiff,

v.

Case No: 6:26-cv-01360-JSS-DCI

EQUIFAX INFORMATION SERVICES, LLC, *et al.*,

Defendants.
_____________________________/

**CAPITAL ONE, N.A.'S ANSWER TO AMENDED COMPLAINT**

Defendant Capital One, N.A., successor by merger to Discover Bank ("Capital One"), incorrectly identified in the Complaint as "Capital One Financial Corporation d/b/a Capital One" and "DFS Services, LLC d/b/a Discover Financial Services," by and through undersigned counsel, hereby answers the Amended Complaint of Plaintiff Ivan Guad Ramirez ("Plaintiff") as follows:

**JURISDICTION AND VENUE**

1. Capital One admits that the Court has subject matter jurisdiction over Plaintiff's claims because they arise under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq*., which is a federal law. Capital One denies that Plaintiff has stated any valid FCRA claim for relief against Capital One, denies that Capital One violated the FCRA with respect to Plaintiff, and demands strict proof thereof.

2. Capital One is without knowledge or information sufficient to form a belief as to the truth of the statements contained within Paragraph 2 of the Amended Complaint and, therefore denies same.



72777581 v1

**PARTIES**

3. Capital One admits that Plaintiff is a natural person. Capital One is without knowledge or information sufficient to form a belief as to the truth of the remaining statements contained within Paragraph 3 of the Amended Complaint and, therefore denies same.

4. Capital One admits, on information and belief, that Equifax Inc. is a Georgia domestic profit corporation with its principal office address located in Atlanta, GA.

5. Capital One admits, on information and belief, that Experian Information Solutions, Inc. is an Ohio domestic profit corporation with its principal office address located in Costa Mesa, CA.

6. Capital One admits, on information and belief, that Trans Union LLC is a Delaware limited liability company with its principal office address located in Chicago, IL.

7. Capital One admits that Discover Bank was a state bank formed under Delaware law with its principal place of business located in Riverwoods, IL. On May 18, 2025, Discover Bank merged with and into Capital One, N.A. Capital One is a national bank with its principal place of business located in McLean, VA.

8. Capital One admits the allegations in Paragraph 8.

9. Capital One is without knowledge or information sufficient to form a belief as to the truth of the statements contained within Paragraph 9 of the Amended Complaint and, therefore denies same.

10. Capital One is without knowledge or information sufficient to form a belief as to the truth of the statements contained within Paragraph 10 of the Amended Complaint and, therefore denies same.

**DEMAND FOR JURY TRIAL**

11. Capital One admits that Plaintiff has purported to demand a jury trial. Capital One denies that Plaintiff has stated any valid FCRA claim for relief against Capital One, denies that Capital One violated the FCRA with respect to Plaintiff, and demands strict proof thereof.

**FACTUAL ALLEGATIONS**

12. Capital One is without knowledge or information sufficient to form a belief as to the truth of the statements contained within Paragraph 12 of the Amended Complaint and, therefore denies same.

13. Capital One is without knowledge or information sufficient to form a belief as to the truth of the statements contained within Paragraph 13 of the Amended Complaint and, therefore denies same.

14. Capital One denies reporting any false, misleading, incomplete, or inaccurate information regarding Plaintiff's account(s) to the CRAs. Capital One is without knowledge or information sufficient to form a belief as to the truth of the remaining statements contained within Paragraph 14 of the Amended Complaint and, therefore denies same.

15. Capital One denies reporting any false, misleading, incomplete, or inaccurate information regarding Plaintiff's account(s) to the CRAs. Capital One is

without knowledge or information sufficient to form a belief as to the truth of the remaining statements contained within Paragraph 15 of the Amended Complaint and, therefore denies same.

16. Capital One admits that its files contain a copies of two letters dated March 31, 2026, one addressed to Equifax Information Services, LLC and another addressed to Experian Information Solutions, Inc., and purporting to be from Plaintiff. The language of said letters speaks for itself and Capital One denies any allegations that are inconsistent therewith.

17. Capital One admits that its files contain a copies of two letters dated March 31, 2026, one addressed to Equifax Information Services, LLC and another addressed to Experian Information Solutions, Inc., and purporting to be from Plaintiff. The language of said letters speaks for itself and Capital One denies any allegations that are inconsistent therewith.

18. Denied.

19. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

20. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith.

Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

21. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

22. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

23. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

24. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

25. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

26. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

27. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

28. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

29. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction

history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

30. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

31. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

32. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

33. Denied.

34. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith.

Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

35. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

36. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

37. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

38. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

39. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

40. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

41. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

42. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

43. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction

history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

44. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

45. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

46. Capital One admits that it maintains a transaction history which reflects the amount and date of all payments made on Plaintiff's account. The transaction history speaks for itself and Capital One denies any allegations inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

47. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and, therefore, denies same. Moreover, the allegations of Paragraph 47 are not directed at Capital One and, therefore, do not require a response from this defendant.

48. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and, therefore, denies same. Moreover, the allegations of Paragraph 48 are not directed at Capital One and, therefore, do not require a response from this defendant.

49. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and, therefore, denies same. Moreover, the allegations of Paragraph 49 are not directed at Capital One and, therefore, do not require a response from this defendant.

50. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and, therefore, denies same. Moreover, the allegations of Paragraph 50 are not directed at Capital One and, therefore, do not require a response from this defendant.

51. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and, therefore, denies same. Moreover, the allegations of Paragraph 51 are not directed at Capital One and, therefore, do not require a response from this defendant.

52. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and, therefore, denies same. Moreover, the allegations of Paragraph 52 are not directed at Capital One and, therefore, do not require a response from this defendant.

53. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and, therefore, denies same.

Moreover, the allegations of Paragraph 53 are not directed at Capital One and, therefore, do not require a response from this defendant.

54. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and, therefore, denies same. Moreover, the allegations of Paragraph 54 are not directed at Capital One and, therefore, do not require a response from this defendant.

55. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and, therefore, denies same. Moreover, the allegations of Paragraph 55 are not directed at Capital One and, therefore, do not require a response from this defendant.

56. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and, therefore, denies same. Moreover, the allegations of Paragraph 56 are not directed at Capital One and, therefore, do not require a response from this defendant.

57. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and, therefore, denies same. Moreover, the allegations of Paragraph 57 are not directed at Capital One and, therefore, do not require a response from this defendant.

58. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and, therefore, denies same. Moreover, the allegations of Paragraph 58 are not directed at Capital One and, therefore, do not require a response from this defendant.

59. Capital One admits that its files contain a copies of two letters dated March 31, 2026, one addressed to Equifax Information Services, LLC and another addressed to Experian Information Solutions, Inc., and purporting to be from Plaintiff. The language of said letters speaks for itself and Capital One denies any allegations that are inconsistent therewith. Regarding Plaintiff's rationale for the content of the letter and her subjectively held beliefs, Capital One is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

60. Denied.

61. Denied.

62. Denied.

63. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and, therefore, denies same. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments.

64. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and, therefore, denies the same.

65. Capital One admits receiving an automated credit dispute verification ("ACDV") from Equifax in April 2026. Capital One also admits receiving an ACDV from Experian in April 2026. The ACDVs speak for themselves and Capital One denies any allegations inconsistent therewith. Except as expressly admitted herein, Capital One denies the allegations of Paragraph 65.

66. Denied.

67. Capital One admits receiving an automated credit dispute verification ("ACDV") from Equifax in April 2026. Capital One also admits receiving an ACDV from Experian in April 2026. The ACDVs speak for themselves and Capital One denies any allegations inconsistent therewith. Except as expressly admitted herein, Capital One denies the allegations of Paragraph 67.

68. Denied.

69. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and, therefore, denies same. Moreover, the allegations of Paragraph 69 are not directed at Capital One and, therefore, do not require a response from this defendant.

70. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and, therefore, denies same. Moreover, the allegations of Paragraph 70 are not directed at Capital One and, therefore, do not require a response from this defendant.

71. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and, therefore, denies same. Moreover, the allegations of Paragraph 71 are not directed at Capital One and, therefore, do not require a response from this defendant.

72. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and, therefore, denies same.

Moreover, the allegations of Paragraph 72 are not directed at Capital One and, therefore, do not require a response from this defendant.

73. Denied.

74. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 regarding Plaintiff's alleged distress and anxiety and, therefore, denies same. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments, and denies that it violated the FCRA or any obligations owed to Plaintiff relating to the March 31, 2026 letters.

75. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 regarding Plaintiff's alleged distress, anxiety or lack of sleep and, therefore, denies same. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments, and denies that it violated the FCRA or any obligations owed to Plaintiff relating to the March 31, 2026 letters.

76. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 regarding Plaintiff's alleged distress, anxiety or lack of sleep and, therefore, denies same. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments, and denies that it violated the FCRA or any obligations owed to Plaintiff relating to the March 31, 2026 letters.

77. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and, therefore, denies same. Moreover, the allegations of Paragraph 77 are not directed at Capital One and, therefore, do not require a response from this defendant.

78. Capital One admits that its files contain a copy of a letter dated May 6, 2026, addressed to Experian Information Solutions, Inc. and purporting to be from Plaintiff. The language of said letter speaks for itself and Capital One denies any allegations that are inconsistent therewith. Regarding Plaintiff's rationale for the content of the letter and her subjectively held beliefs, Capital One is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

79. Denied.

80. Capital One admits that its files contain a copy of a letter dated May 6, 2026, addressed to Experian Information Solutions, Inc. and purporting to be from Plaintiff. The language of said letter speaks for itself and Capital One denies any allegations that are inconsistent therewith. Regarding Plaintiff's rationale for the content of the letter and her subjectively held beliefs, Capital One is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

81. Denied.

82. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and, therefore, denies same.

Moreover, the allegations of Paragraph 82 are not directed at Capital One and, therefore, do not require a response from this defendant.

83. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and, therefore, denies same. Moreover, the allegations of Paragraph 83 are not directed at Capital One and, therefore, do not require a response from this defendant.

84. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 and, therefore, denies same. Moreover, the allegations of Paragraph 84 are not directed at Capital One and, therefore, do not require a response from this defendant.

85. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and, therefore, denies same. Moreover, the allegations of Paragraph 85 are not directed at Capital One and, therefore, do not require a response from this defendant.

86. Denied.

87. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 regarding Plaintiff's alleged distress, anxiety or lack of sleep and, therefore, denies same. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments, and denies that it violated the FCRA or any obligations owed to Plaintiff relating to the May, 2026 letter.

88. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 regarding Plaintiff's alleged distress, anxiety or lack of sleep and, therefore, denies same. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments, and denies that it violated the FCRA or any obligations owed to Plaintiff relating to the May 6, 2026 letters.

89. Denied.

***ALLEGATIONS AS TO EQUIFAX***

90.-145. The allegations in Paragraphs 90 through 145 are not directed towards Capital One and do not require a response from this defendant. To the extent a response is required, Capital One denies the allegations in Paragraphs 90 through 145 of the Amended Complaint.

***ALLEGATIONS AS TO EXPERIAN***

146.-201. The allegations in Paragraphs 146 through 201 are not directed towards Capital One and do not require a response from this defendant. To the extent a response is required, Capital One denies the allegations in Paragraphs 146 through 201 of the Amended Complaint.

***ALLEGATIONS AS TO TRANS UNION***

202.-257. The allegations in Paragraphs 202 through 257 are not directed towards Capital One and do not require a response from this defendant. To the extent a response is required, Capital One denies the allegations in Paragraphs 202 through 257 of the Amended Complaint.

**COUNTS 1 through 9**

258.-374. The allegations in Counts 1 through 9 (Paragraphs 258 through 374) are not directed towards Capital One and do not require a response from this defendant. To the extent a response is required, Capital One denies the allegations in Paragraphs 258 through 374 of the Amended Complaint.

**COUNT 10**
**VIOLATION OF 15 U.S.C. § 1681s-2**
**(*against DFS*)**

375. Capital One adopts and incorporates by reference, as if fully set forth herein, its responses to Paragraphs 12 through 89 of the Amended Complaint.

376. Denied.

377. Denied.

378. Denied.

379. Capital One admits only that the FCRA speak for itself and Capital One denies the allegations of Paragraph 379 to the extent they seek to impose obligations upon Capital One that are inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments, and denies that it violated the FCRA or any obligations owed to Plaintiff relating to any written disputes received from the CRAs.

380. Denied.

381. Denied.

382. Denied.

383. Denied.

384. Capital One denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph.

**COUNT 11**
**VIOLATION OF 15 U.S.C. § 1681s-2**
**(*against Capital One*)**

385. Capital One adopts and incorporates by reference, as if fully set forth herein, its responses to Paragraphs 12 through 89 of the Amended Complaint.

386. Denied.

387. Denied.

388. Denied.

389. Capital One admits only that the FCRA speak for itself and Capital One denies the allegations of Paragraph 389 to the extent they seek to impose obligations upon Capital One that are inconsistent therewith. Capital One denies reporting to the CRAs any false, misleading, incomplete, or inaccurate information regarding Plaintiff's payments, and denies that it violated the FCRA or any obligations owed to Plaintiff relating to any written disputes received from the CRAs.

390. Denied.

391. Denied.

392. Denied.

393. Denied.

394. Capital One denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph.

**COUNT 12**

395.-404. The allegations in Paragraphs 395 through 404 are not directed towards Capital One and do not require a response from this defendant. To the extent a response is required, Capital One denies the allegations in Paragraphs 395 through 404 of the Amended Complaint.

**COUNT 13**

405.-414. The allegations in Paragraphs 405 through 414 are not directed towards Capital One and do not require a response from this defendant. To the extent a response is required, Capital One denies the allegations in Paragraphs 405 through 414 of the Amended Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff's Amended Complaint fails to state a claim against Capital One upon which relief can be granted.

**SECOND DEFENSE**

Capital One specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff. Plaintiff's claim that Capital One committed willful violations of the FCRA is barred by the principles articulated in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007).

**THIRD DEFENSE**

Capital One fully complied with any and all of its obligations and duties under 15 U.S.C. § 1681, *et seq*.

## FOURTH DEFENSE

Plaintiff cannot prove satisfaction of conditions precedent to support some or all of her claims.

## FIFTH DEFENSE

To the extent punitive damages are sought and/or considered, Capital One pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages. Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n. Capital One adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

## SIXTH DEFENSE

To the extent sought, Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under applicable state law for ascertaining the amount thereof, such that any award of said damages against Capital One would violate the Fifth and Fourteenth Amendments to the United States Constitution and the applicable State Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

**SEVENTH DEFENSE**

To the extent Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations or in violation of the doctrine of laches, they are time barred.

**EIGHTH DEFENSE**

Plaintiff has not alleged or experienced any actual damages that were caused by Capital One, or for which Capital One is liable.

**NINTH DEFENSE**

Plaintiff lacks Article III standing to assert the claims she has alleged against Capital One.

**TENTH DEFENSE**

Plaintiff's claims against Capital One are barred, in whole or in part, by the doctrines of recoupment and/or set-off for all amounts owed by Plaintiff on her account(s).

**TWELFTH DEFENSE**

Capital One denies that it is guilty of any wrongdoing, either negligent, wanton, willful, or otherwise.

**THIRTEENTH DEFENSE**

To the extent Plaintiff has filed for bankruptcy protection, the claims asserted against Capital One are barred by any bankruptcy case, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541,

waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

**FOURTEENTH DEFENSE**

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, emotional distress, out-of-pocket harm, or other injuries justifying a claim for actual damages as a result of any actions taken by Capital One.

**FIFTEENTH DEFENSE**

Plaintiff has failed to mitigate her damages, if any, and/or failed to act with reasonable diligence.

**SIXTEENTH DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which Capital One denies, was the direct or proximate result, in whole or in part, of the Plaintiff's own negligence, misconduct, affirmative actions, and/or omissions and does not give rise to any liability of Capital One.

**SEVENTEENTH DEFENSE**

Plaintiff's alleged injuries and/or damages were the result of an intervening or superseding cause or the acts or omissions of third parties over which Capital One had no responsibility or control and for which Capital One may not be held liable.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), *res judicata*, laches, release, consent, ratification, acquiescence, novation, unclean hands and/or other equitable doctrines due to Plaintiff's own acquiescence, improper, or bad faith conduct.

**NINETEENTH DEFENSE**

The award of statutory penalties under the FCRA against Capital One would violate the prohibition against excessive fines of the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)). Imposition of a statutory penalty that is excessive in this context may result in potential damages that are not proportional to the conduct alleged.

**TWENTIETH DEFENSE**

The imposition of punitive damages against Capital One would violate the Due Process provision of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law." E.g., *TXO Production Corp. v. Alliance Resources Corp.*, 509 U. S. 443, 453, 454 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 562 (1996).

## TWENTY-FIRST DEFENSE

Capital One affirmatively invokes any and all other available defenses pursuant to the FCRA, including that it properly investigated and responded to any and all disputes received from a CRA and/or that such disputes were not timely or properly transmitted to Capital One as required to trigger Capital One's duties under the FCRA.

## RESERVATION OF DEFENSES

Capital One reserves the right to supplement and/or amend this Answer to the Amended Complaint to assert additional defenses as this case progresses. To the extent that any of the foregoing allegations in Plaintiff's Amended Complaint have not been expressly admitted, they are hereby denied.

Respectfully submitted this 4th day of September, 2026.

*/s/ Ellen T. Mathews*
Ellen T. Mathews (Florida Bar: 122217)
Rachel B. Cash (Florida Bar: 114052)
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 244-5646
Email: emathews@burr.com
Email: rcash@burr.com
Secondary: jcarlin@burr.com

*Counsel for Defendant Capital One, N.A., successor by merger to Discover Bank*

# CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Ellen T. Mathews*
OF COUNSEL